E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re**: Motion to Dismiss and Transfer [Dkt. No. 9]

   This matter is before us on Defendants Woodland Trading, Inc. ("Woodland") and Ross Stores, Inc.'s ("Ross" and collectively with Woodland, "Defendants") Motion ("Motion") to dismiss for lack of personal jurisdiction and improper venue, to transfer to the Southern District of New York ("S.D.N.Y."), or in the alternative, to dismiss for failure to state a claim. We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.   Background**

   According to the Complaint, Plaintiff Matrix, Inc. ("Matrix" or "Plaintiff") owns copyrights for four fabric designs, and Defendants infringed on those designs. In particular, Matrix claims that Woodland, a garment wholesaler and supplier, sold infringing garments to Ross, a garment retailer. Matrix also alleges that it sampled its designs to Woodland, who agreed not to use the sampled designs without Matrix's authorization. Based on these allegations, Matrix asserts the following claims: (1) copyright infringement; (2) vicarious and/or contributory copyright infringement; and (3) breach of contract.

   Matrix is a California entity with its principal place of business in California. Woodland is a New York entity with its principal place of business in New York. Ross is a Delaware corporation that has offices in both New York and Los Angeles.

**II.   Defendants' Motion**

   Defendants move to (1) dismiss Woodland from this case for lack of personal jurisdiction and venue; (2) transfer this case to the S.D.N.Y.; (3) or in the alternative to dismiss Plaintiff's claims for copyright infringement for failure to state a claim upon which relief can be granted.

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

### A.    *Personal Jurisdiction*

Defendants move to dismiss this case as to Woodland for lack of personal jurisdiction. To withstand a motion to dismiss for lack of personal jurisdiction, a plaintiff is "charged with making a prima facie showing of facts that might establish personal jurisdiction by a preponderance of the evidence." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002). "[A] prima facie showing is established if plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction." *Reiffin v. Microsoft Corp.*, 2012 WL 1309179, at *1 (N.D. Cal. 2012). We must resolve any factual disputes in the plaintiff's favor. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

In this case, we apply California law to determine whether personal jurisdiction over Defendants exists. *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm statute is coextensive with federal due process requirements related to personal jurisdiction, we need only determine whether we may exercise personal jurisdiction over Defendants, who are nonresidents, consistent with due process. *See Schwarzenegger*, 374 F.3d 797, 800-01 (9th Cir. 2004). Under federal due process principles, a nonresident must have "certain minimum contacts" with California "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks omitted).

There are two categories of jurisdiction: general jurisdiction and specific jurisdiction. For general jurisdiction to exist, a nonresident defendant must engage in "continuous and systematic general business" contacts that approximate physical presence in this state, *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), so as to justify permitting a lawsuit against the nonresident "on claims arising from dealings entirely distinct from those activities," *Int'l Shoe*, 362 U.S. at 318. Even if such pervasive and continuous contacts with California do not exist, we may exercise specific personal jurisdiction over Defendants "based on the relationship between the defendant[s'] forum contacts and the plaintiff[s'] claim[s]." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

Here, only specific jurisdiction is in dispute. To establish specific jurisdiction, three requirements must be met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Copyright claims are analogous to tort claims in specific jurisdiction analysis, so Woodland must have "purposefully directed" its conduct toward the forum state for specific jurisdiction to lie. *PokitDok, Inc. v. Martin*, 2012 WL 5425615, *3 (N.D. Cal. 2012) (explaining that "declaratory claims for copyright infringement sound in tort, and therefore, the Court will apply a purposeful direction analysis"); *Yahoo!*, 433 F.3d at 1206. Matrix's breach of contract claim, on the other hand, is subject to the "purposeful availment" test. *PokitDok, Inc.*, 2012 WL 5425615 at *3 (explaining that "[a] purposeful availment analysis is most often used in suits sounding [in] contract").

    **1.    Purposeful Direction**

The purposeful direction requirement is analyzed under the "effects" test of *Calder v. Jones*, 465 U.S. 783 (1984), which requires Defendants to have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). "Each of the three tests must be satisfied to permit a district court to exercise limited personal jurisdiction over a non-resident defendant." *See Peterson v. Kennedy*, 771 F.2d 1244, 1261 (9th Cir. 1985).

Woodland does not argue that its acts were unintentional or that it did not foresee harm in the forum state. Rather, Woodland argues that mere knowledge that Matrix is located in Los Angeles is insufficient to establish express aiming and that to the extent Woodland expressly aimed its activities, it aimed them at New York, not here. Accordingly, the only element of purposeful direction in dispute is "express aiming."

The express aiming "requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). Some courts within our circuit have held rather broadly that in an infringement case such as this, specific jurisdiction exists "where a plaintiff brings suit in its home forum against an out-of-state defendant, alleging that the defendant engaged in infringing activities knowing that plaintiff was located in the forum." *Amini Innov. Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1106 (C.D. Cal. 2007) (collecting cases); *see, e.g.*, *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1090 (C.D. Cal. 2003) ("Plaintiffs have alleged that Sharman intentionally and materially contributed to the infringement of Plaintiffs' works, and that it did so with full knowledge that much of the harm from this infringement would be suffered in California. This is sufficient to establish a prima facie case of purposeful availment under the effects test of *Panavision*.").

We are of the view, however, that such a broad standard collapses the *Calder* effects test into only two prongs, omitting the "express aiming" requirement altogether. Indeed, the Ninth Circuit has

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

stated that *Calder* "cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." *Bancroft*, 223 F.3d at 1087. Instead, the court has repeatedly stated that "something more" is required to indicate that the non-resident defendant purposefully directed his conduct into the forum state or at a forum state resident. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997); *Fiore v. Walden*, 688 F.3d 558, 577 (9th Cir. 2011) ("[T]he express aiming requirement is not satisfied where it is merely foreseeable that there will be an impact on individuals in the forum.").

What constitutes "something more" varies from case to case. For example, copyright infringement for the purpose of competing with a plaintiff in the forum constitutes express aiming. *See Lang v. Morris*, 823 F.Supp.2d 966, 972-73 (N.D. Cal. 2011) (discussing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010)). On the other hand, "something more" does not exist where a defendant merely posts infringing materials on a website. *See Panavision*, 141 F.3d at 1322 ("[S]imply registering someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another.").

Here, it is clear Matrix has failed to establish "something more" under the prima facie standard. Matrix's conclusory allegation – without evidentiary support – that Woodland "is a New York corporation doing business in and with the State of California" fails to establish "something more." (Compl. ¶ 5).[1] Matrix's evidentiary showing is also insufficient. Chris Neman, the president of Matrix, attests to the following facts: (1) "I have personally met with the owner of Woodland . . . on multiple occasions. During those meetings we discussed that Matrix is based in California, that we create our own artwork through our Los Angeles-based art department, and that the artwork we sample[d] to Woodland is original and proprietary art, not 'open' or public domain artwork" (Neman Decl. ¶ 3); and (2) "[t]his case concerns claims regarding four . . . original works of art that Matrix sampled to Woodland." (Id. ¶ 4). These scant facts, without any specifics about *where* or when Matrix's meetings and sampling with Woodland took place, are insufficient to establish a prima facie case of "something more" than mere foreseeability.

On the other hand, Sudhir Kakar, a principal at Woodland, attests to the following facts, none of which Matrix contests: (1) "Woodland is [headquartered] in New York, New York," where it operates its business (Kakar Decl. ¶ 2); (2) "Woodland offers . . . its products only through its New York showroom, from where Woodland conducts all of its solicitation, meetings, and showing of samples" (Id. ¶ 5); (3) "Matrix's Sales Manager, Neal Mutner, has visited Woodland's New York office to solicit and sell Matrix's products. Matrix's President Chris Neman has also visited Woodland's New York office. I have never visited Matrix's office, anywhere. All meetings and interactions with Matrix have always occurred at Woodland's office in New York" (Id. ¶ 12); (4) "Woodland solicits and sells its products only to Ross's New York office. . . . Ross has one other buying office in the United States,

---

[1] Furthermore, this allegation is inconsistent with Woodland's undisputed evidence that "Woodland offers for sale its products only through its New York Showroom, from where Woodland conducts all of its solicitation, meetings, and showing of samples." (Kakar Decl. ¶ 5).

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

located in Los Angeles. Woodland only contacts and discusses sales with . . . Ross's New York based buyers" (Id. ¶ 14); and (6) "Since Woodland only solicits and sells to Ross's New York buying office, these allegedly infringing dresses too were shown, negotiated for, and sold to Ross's New York buying office through Ross buyers Nancy Kochanski and Sarah Honsberger, who are based in New York." (Id. ¶ 16).

Based on the undisputed evidence, Matrix has at most shown that Woodland foresaw harm in this district. Matrix has failed to allege or show any conduct to establish "something more" than mere foreseeability, such as a purpose to compete with Matrix in this district. On the contrary, Woodland persuasively argues that if it aimed its conduct anywhere, it aimed at New York, not here, because New York is where Matrix met Woodland's representatives and where Woodland sold any infringing garments to Ross's New York buying office. *See Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010) (explaining that "[w]here a defendant's 'express aim was local,' the fact that it caused harm to the plaintiff in the forum state, even if the defendant knew that the plaintiff lived in the forum state, is insufficient to satisfy the effects test") (citation omitted); *see also Schwarzenegger*, 374 F.3d at 807 (holding that knowledge of movie star's residence was insufficient to show express aiming where defendant only targeted Ohio market with advertisements using plaintiff's image without authorization). Matrix has failed to make a prima facie case that the allegedly infringing transactions between Woodland and Ross in New York were for the purpose of competing with Matrix in California or otherwise targeted Matrix in California. Accordingly, there was no express aiming at Matrix in this state.

In light of the foregoing, we conclude that personal jurisdiction does not lie over Matrix's copyright claims against Woodland. Because Matrix has failed to establish express aiming, we need not reach the issue of whether exercising jurisdiction here would be reasonable. *See Schwarzenegger*, 374 F.3d at 802.

### 2. Purposeful Availment

We analyze Matrix's breach of contract claim under the purposeful availment test. "To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citation omitted). In general, a defendant's contract with an out-of-state plaintiff is insufficient, by itself, to establish purposeful availment. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") (emphasis original). We consider the following factors in assessing whether a defendant purposefully availed itself of the forum: "[i] prior negotiations and [ii] contemplated future consequences, [iii] along with the terms of the contract and [iv] the parties' actual course of dealing." *Id.* at 479.

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

     We conclude Woodland did not purposefully avail itself of the privilege of doing business *in California* by allegedly entering into a sampling contract with Matrix in New York. Matrix has failed to show any prior negotiations in California, and Woodland's evidence that "[a]ll meetings and interactions with Matrix have always occurred at Woodland's office in New York," (Kakar Decl. ¶ 12), is undisputed. The purported sampling contract did not contemplate substantial future consequences in California; nor is there any evidence or allegation that the terms of the contract referred to California or California law. Finally, there is no evidence or allegation of an actual course of dealing in California. In sum, a single sampling contract executed in New York between Woodland, a New York entity, and Matrix, a California entity, fails to establish that Woodland purposefully availed itself of the privilege of doing business in California; rather, it appears that Woodland was doing business in New York. *Cf. Boschetto*, 539 F.3d at 1017 (holding that "the lone transaction for the sale of one item does not establish that the Defendants purposefully availed themselves of the privilege of doing business in California").

     In light of the foregoing, we conclude that personal jurisdiction does not lie over Matrix's breach of contract claim against Woodland. Because Matrix has failed to establish purposeful availment, we need not reach the issue of whether exercising jurisdiction here would be reasonable. *See Schwarzenegger*, 374 F.3d at 802. Accordingly, we do not have personal jurisdiction over any claims against Woodland. We therefore need not reach Woodland's improper venue arguments.

     **B.**     ***Transfer***

     Defendants seek to transfer this case to the S.D.N.Y. under 28 U.S.C. § 1404(a), which states that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a)." *Multimin USA, Inc. v. Walco Int'l, Inc.*, No. CV F 06-0226 AWI SMS, 2006 WL 1046964, at *2 (E.D. Cal. Apr. 11, 2006) (citing *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992)). The moving party bears the burden of showing that convenience and justice require transfer. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 278-79 (9th Cir. 1979). Defendants apparently request that we first dismiss Woodland and then transfer the case to the S.D.N.Y. We conclude, however, that transferring the entire case, including Woodland, is appropriate, as fully set forth below. *See CAC Group, Inc. v. Maxim Group, LLC*, 2012 WL 3150592, *2 (C.D. Cal. 2012) (explaining that "[w]here personal jurisdiction is lacking, a court may either dismiss the case or transfer the case to a district in which the case could have been brought").

     This action could have been brought originally in the S.D.N.Y. 28 U.S.C. § 1391(b)(2) provides that venue lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Venue plainly lies under this provision in light of Woodland's undisputed evidence that the alleged transactions in infringing garments took place between Woodland and Ross in the S.D.N.Y.

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

### 1. *Convenience* & Jones *Factors*

Having established that venue is proper in the S.D.N.Y., we consider the following factors in weighing whether to transfer an action under Section 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

#### a. Convenience of parties and their witnesses

With respect to the Parties, this factor is neutral. All three Parties have offices in New York, and New York is Woodland's home forum. On the other hand, Ross and Matrix have offices in Los Angeles, and this district is Matrix's home forum. Although Plaintiff's counsel is located in California, "because § 1404(a) makes no reference to counsel, the convenience of counsel is irrelevant." *Modavox, Inc. v. AOL LLC*, 2009 WL 8548648 (C.D. Cal. 2009) (citation and quotation marks omitted). Accordingly, we conclude that this factor is neutral as to the Parties.

With respect to the witnesses, convenience appears to favor transfer because the alleged transactions in infringing goods took place in the S.D.N.Y., and the majority of relevant documents and witnesses are therefore likely to be found there. Both Plaintiff and Defendants contend that the location of witnesses favors their position on transfer, but neither specifically identifies the witnesses they contend are important and where they are located. Instead, they refer generally to "employees," "witnesses," and "evidence." It also appears that obtaining the testimony of out-of-state witnesses either here or in the S.D.N.Y. would not be particularly difficult or onerous. Thus, as to the witnesses, this factor appears to marginally favor transfer.

#### b. Location where the relevant agreements were negotiated

This factor strongly favors transfer as it is undisputed that both relevant transactions – the alleged sampling agreement and the alleged transaction in infringing garments – were negotiated in the S.D.N.Y.

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

### c. State that is most familiar with the governing law

This case involves a copyright dispute, a subject of federal law. It also involves a contractual dispute, a subject of the common law. The S.D.N.Y. is just as competent as this district to adjudicate a copyright and contract case arising out of an alleged transaction in infringing goods that took place in that district. Further, "this factor is not entitled to great weight because the action does not involve complex legal issues." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1170 (10th Cir. 2010). Accordingly, we conclude that this factor is neutral.

### d. Plaintiff's choice of forum

Plaintiff chose to file the case in California. Normally, the plaintiff's choice is accorded significant weight in the transfer analysis. However, "a plaintiff's choice of forum is accorded little deference where the central facts of the lawsuit occur outside the plaintiff's chosen forum." *Sorensen v. Daimler Chrysler AG*, 2003 WL 1888866, *3 (N.D. Cal. 2003); *see also Joe Boxer Corp. v. R. Siskind & Co., Inc.,* 1999 WL 429549, at *9 (N.D. Cal. 1999) (explaining that "where the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, then the plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum"). Here, the central facts of this suit appear to have occurred in New York, as discussed above. Thus, this factor is accorded little weight.

### e. Parties' contacts with the forum

As discussed above, Woodland has offices only in New York and the evidence is undisputed that Woodland offers its products only through its New York showroom. Ross and Matrix have offices in both New York and Los Angeles, and both purportedly transacted business with Woodland in New York. Overall, this factor marginally favors transfer.

### f. Contacts relating to Plaintiff's cause of action

As discussed above in the analysis of personal jurisdiction and Plaintiff's choice of forum, the central facts in this case appear to have occurred in New York. The S.D.N.Y. appears to have stronger contacts with Plaintiff's claims because that is where the Parties negotiated and entered into the alleged sampling contract and transactions in infringing garments. Thus, this factor favors transfer.

### g. Availability of compulsory process

If witnesses are unwilling to testify in California, this Court would need to rely on its subpoena power. However, with rare exception, the Court's subpoena power extends outside of this district only if the place of service is "within 100 miles of the place specified for the deposition, hearing, trial, production or inspection." Fed. R. Civ. P. 45(b)(2). The Parties do not sufficiently show that any witnesses in this case are likely to be unwilling or that the Parties will need to subpoena witnesses or

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

evidence. Thus, this factor is neutral. *See Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, 2010 WL 4121886, *6 (D. Nev. 2010).

### h. Ease of access to sources of proof

The Parties do not sufficiently show that sources of proof will be difficult to obtain if this case is litigated either here or in the S.D.N.Y. This factor is neutral or marginally favors transfer to the extent that more sources of proof are likely to be where the relevant transactions occurred.

### 2. *Other Factors*

Courts also look to other factors in determining whether a transfer is appropriate under § 1404(a) "in the interest of justice." Such factors that we have not already considered above include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1094 (9th Cir. 1998). Courts also consider judicial economy. *See Modavox, Inc. v. AOL LLC*, 2009 WL 8548648, *6-7 (C.D. Cal. 2009).

### a. Administrative difficulties flowing from court congestion

As both this district and the S.D.N.Y. are busy districts, this factor is neutral. *See generally,* United States Courts, Federal Court Management Statistics, *available at* <http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx>.

### b. Imposition of jury duty on a community that has no relation to the litigation

Although the community in this district has some interest in this suit because Matrix is a California company, the community in the S.D.N.Y. has a greater interest because the central facts of this suit occurred there and because all the Parties have offices there. Thus, New York has an interest in holding Woodland and Ross responsible for the allegedly infringing transactions that took place in New York's borders if this suit has merit and an interest in protecting Woodland and Ross from this suit if it does not. Thus, this factor favors transfer.

### c. Judicial economy

Judicial economy strongly favors transfer. As discussed above, personal jurisdiction does not lie over Woodland. Thus, if we were to dismiss Woodland, Plaintiff could continue to litigate against Ross here and initiate another suit against Woodland in the S.D.N.Y. But "[l]ogic and experience dictate that litigating two cases in the same forum, whether or not they are ultimately consolidated, will generally entail less expense than litigating two separate cases in widely separated forums." *Modavox, Inc.*, 2009

E-Filed — **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9228-GHK (RZx) | Date | April 1, 2013 |
|---|---|---|---|
| Title | *Matrix, Inc. v. Woodland Trading, Inc., et al.* | | |

WL 8548648, *6 (citation and quotation marks omitted). Thus, judicial economy strongly favors transfer to ensure that this suit is adjudicated in a single forum where personal jurisdiction lies over both Woodland and Ross rather than piecemeal in multiple fora. *See also Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

### 3. *Balancing of venue factors*

Overall, the balancing of all the factors discussed above indicates that transfer is appropriate in this matter. A number of the factors, such as where the relevant transactions were negotiated, favor transfer. Additionally, Plaintiff's choice of forum deserves little weight here. Moreover, judicial economy favors transfer to ensure that Plaintiff's action is adjudicated in a single forum where personal jurisdiction lies over both Defendants. Finally, not one factor entitled to significant weight favors keeping the case here. Thus, on balance, transfer to the S.D.N.Y is appropriate.

### III. Conclusion

Having considered all the relevant factors, we conclude that transfer of this action is appropriate under 28 U.S.C. § 1404(a). Accordingly, Defendant's Motion is hereby **GRANTED** to the extent it requests transfer of this action to the S.D.N.Y. This case is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York. The clerk is directed to effect this transfer forthwith. Defendant's Motion is **DENIED** as moot to the extent it seeks dismissal under Rule 12(b)(2) & (3) for lack or personal jurisdiction and improper venue. We decline to rule on Defendant's Motion to the extent it seeks dismissal under Rule 12(b)(6) for failure to state a claim, but we reserve this aspect of the Motion for the transferee court to decide. Plaintiff's request for jurisdictional discovery is **DENIED**.

**IT IS SO ORDERED.**

|  | -- : -- |
|---|---|
| Initials of Deputy Clerk | Bea |